## FEDERAL SURETY COMPANY v. JOHN E. CRYE.

Court En Banc, May 28, 1925.

No petition for Certiorari was filed.

1. **Insurance. Agents. Person writing insurance is agent of the company and not agent of insured.**

Under Section 3275a2 of Shannon's Code any person writing or soliciting an application for insurance is the agent of the company and not the agent of the insured and any provision in the policy to the contrary is void.

2. **Insurance. Right of assured not prejudiced by mistakes of agent in filling out application for insurance.**

When the agent of the Insurance Company makes out the application for insurance and inserts in it representations that are untrue, though the facts were correctly stated to him by the assured who signs the application the rights of the assured will not be prejudiced thereby, nor will the policy be invalidated.

Appeal in Error from Circuit Court, Bradley County; Hon. S. C. Brown, Judge.

Affirmed.

Chas. S. Mayfield, of Cleveland, for Federal Surety Co.

James F. Corn, of Cleveland, for John E. Crye.

HEISKELL, J.   This is a suit by appellee against appellant in the Circuit Court of Bradley County, on a disability policy of insurance. There was a verdict and judgment in favor of Crye against the Surety Company from which it has appealed. The facts of the case are as follows:

John E. Crye, the plaintiff, is a moulder and had a slight hernia for several years prior to the issuance of this policy and during that time had worn a truss. Robert Logan was a moulder also and had worked with Crye; had seen him undressed many times and knew he wore a truss. Logan afterwards became agent for the defendant Insurance Company and solicited Crye to take the policy sued on. Crye agreed to do so and Logan asked him the questions and filled out the blank application which Crye signed without reading. Crye testified that Logan asked him if he had ever had a hernia and that he answered, "Yes." The application as filled out showed he had not. The policy was then issued. Plaintiff was injured in lifting heavy material in the line of his work as a moulder and was disabled totally for one and two-thirds months.

It was admitted that the defendant Company would not have written and issued the policy sued on if the application had stated the fact that plaintiff did have or had had a hernia. The injury sued for was an additional rupture; an extension of the old hernia. The application filled out by Logan and signed by Crye contained the following:

"Except as herein stated I have not had, nor am I now suffering from . . . hernia, . . . nor any chronic or periodic mental or physical ailment or disease, nor am I crippled or maimed, nor have I any defect in hearing, vision, mind or body . . . NO EXCEPTIONS." The application further provides:

"I have made the foregoing statements as representations to induce the issue of the policy for which I have made application and to that end I agree that if any one or more of them be false all right to recovery under said policy shall be forfeited to the company if such false statement was made with actual intent to deceive or if it materially affects either the acceptance of the risk or the hazard assumed by the company."

"I understand that the agents and solicitors of this company are not authorized to extend credits, or waive, extend or change any of the terms, conditions or provisions printed herein, and I agree that this proposed insurance shall not take effect until the application has been accepted by the company and the policy issued." "This application was duly signed by said Crye."

The policy contained the following provisions:

"The copy of application hereto attached or herein endorsed is hereby made a part of this contract."

Policy, p. 2.

"No statement made by the applicant for insurance not included herein shall avoid the policy or be used in any legal proceeding hereunder. No agent has authority to change this policy or to change any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed hereon."

Policy, p. 3, Section 2.

The court charged the jury that a misrepresentation or misstatement in plaintiff's application for the policy of insurance to the effect that plaintiff did not have a hernia, if put in said application by the agent of defendant and the said agent had knowledge that said statement was untrue, and if plaintiff did not have knowledge that said untrue statement had been incorporated in said application, but signed the application without reading it, then such un-

true statement would not render plaintiff's policy void or voidable and would not prevent plaintiff from recovering thereunder.

The plaintiff recovered $83.33 and $5 interest thereon.

It is assigned as error that the court erred in giving the charge that was given and also in not giving certain other charges. It is not shown that these last-mentioned charges were requested and refused and counsel for appellant says that no request was made for further instructions. So it will be necessary to consider only the correctness of the charge given.

Section 3275a2 of Shannon's Code is as follows:

> "Any person who shall solicit an application for insurance shall in all matters relating to such application and the policy issued in consequence thereof be regarded as an agent of the company issuing the policy, and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever; but this section shall not apply to licensed fire insurance brokers." (1907, ch. 442)

This does not leave room for the contention that Logan was not the agent of the Company for the purpose of binding the Company by his acts as shown in this record.

This statute was cited with approval in the recent case of Maryland Casualty Company v. McTyier, 150 Tenn., 691.

The case of Planters Ins. Co. v. Sorrels, 1 Bax. 352, is very similar in its facts to the present case. In that case the court held that when the agent of the Insurance Company makes out the application for insurance and inserts in it representations that are untrue, though the facts were correctly stated to him by the assured who signs the application the rights of the assured will not be prejudiced thereby, nor will the policy be invalidated. In its opinion the court cited an opinion of the Supreme Court of the United States as follows:

> "In the case of the Union Mutual Insurance Company v. Wilkinson, reported in 13 Wallace, 222, the Supreme Court of the United States hold that the company is bound by the acts of its agents, and when an agent makes out the application for insurance and inserts in it representations that are untrue, without the assent of the assured, it was the act of the company, and not the act of the assured, although signed by him, does not invalidate the policy, and that parol testimony may be heard to show that the answers were thus written by the agent."

To same effect is Insurance Co. v. Whittaker, 112 Tenn. 165.

Further authority might be cited, but it is not necessary. There is no error in the charge of the Trial Judge and the case is affirmed.

All concur except Clark, J., absent.